No. 34,196

L. W. Fox, doing business as the New Deal Extermination Company, *Appellant*, v. Fred K. Hammers et al., *Appellees*.

(87 P. 2d 512)

Opinion filed March 4, 1939.

· *Z. Wetmore, George M. Ashford* and *Waldo B. Wetmore,* all of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This was an action to enjoin the officials of the city court of Wichita from enforcing a judgment rendered by that court.

It appears that sometime prior to September 10, 1937, the plaintiff Fox had done some renovation and fumigation work on the residence of one Jackman in Wichita. His bill for that work, $165, not being paid, Fox filed suit against Jackman in the city court on September 10, and caused a garnishment summons to issue to the Kansas Milling Company.

On September 15 Jackman filed an answer and cross petition pleading certain damages Fox had committed against his property, for which he sought recovery in the sum of $887.13.

The action received some routine attention of the court on September 20, but was continued until October 6. Whether Jackman or his counsel was present when that order of continuance was made was a matter of dispute. One Marshall Gillen was attorney for Fox, and Jackman's counsel claimed that they had an agreement with Gillen that the cause should be continued until October 25. Be that as it may, on October 6 the case was called for trial, and as neither Jackman nor his counsel were present, there was plain sailing for

plaintiff, and judgment by default was entered in his behalf. Three days later the garnishee paid the amount of the judgment into court. Gillen, attorney for Fox, drew down the amount, $165, deducted his fee therefrom, and paid over the balance to Fox; and an entry of satisfaction of the judgment was recorded.

On October 22 Jackman learned of the foregoing proceedings and filed a motion to set the judgment aside. That motion was allowed, the judgment vacated, the cause reinstated, and trial set for November 1. Plaintiff was also ordered to return into court the $165 drawn down by his attorney, Gillen.

Following one or two continuances, the cause was heard on the merits on November 15, and judgment was rendered in favor of Jackman for $706 on his cross petition. This was followed by an abortive appeal by Fox, which was dismissed on March 26, 1938.

On July 22, 1938, an execution was issued by the clerk of the city court to the marshal of that court against Fox to satisfy Jackman's judgment. The preceding day a garnishment had been served on two Wichita banks to aid in rendering the execution effective.

The foregoing proceedings brought about the present litigation. On August 4 Fox brought this action against the officials of the city court to enjoin the enforcement of the judgment in favor of Jackman and against Fox rendered on November 15, 1937. Issues were joined; the cause was heard on oral evidence, and on the evidential significance inherent in the files and records of the city court pertaining to the litigation, together with the district court files and record pertaining to Fox's abortive appeal from the judgment of November 15. Fox's testimony was that Gillen had been his attorney when his action was filed and when his default judgment against Jackman had been taken. Then he discharged Gillen. Later he reëmployed Gillen, but did not authorize him to appear for him on November 15, and did not know that Gillen represented him. Fox further testified that he did not have an attorney on October 22 and did not know that a motion had been filed to set aside the default judgment of October 6. He did, however, have Gillen file an appeal for him in the district court on the judgment of November 15 entered against him and in favor of Jackman—which is the judgment sought to be enjoined in the present litigation.

The district court denied the injunction, and Fox brings the controversy here for further review.

We have taken particular pains to chronicle in sequence the .various phases of this litigation, and the inevitable outcome of it all appears perfectly clear. All questions of fact predicated in whole or in part on oral testimony were resolved in favor of Jackman. To what extent Gillen was authorized to represent Fox and the times in which Gillen was and was not his attorney are matters this court cannot undertake to determine. That was peculiarly the function of the .trial court. If Jackman's attorneys had an understanding that the action and cross action in the city court was to be continued until October 25 (and that was a question of fact), Jackman's cross action did not evaporate by the rendition of the default judgment entered against him on October 6. Consequently the cross action, at least, was properly tried and not improperly decided on a later date. That judgment has never been set aside. Only an abortive appeal was taken against it. If that judgment was erroneously or improvidently rendered in any respect, it could only have been set to rights by a timely appeal diligently prosecuted to a finality.

Counsel for appellant say that the idea of making a separate case of defendant's cross bill of particulars was an afterthought. Naturally so. Since plaintiff had outmaneuvered defendant by taking a default judgment on his bill of particulars, the very least that defendant's counsel could demand was a separate hearing on their client's cross bill. It is begging the question to say that Jackman should have filed his motion within ten days after the judgment of October 6 was entered. He should, of course, if the cause had been properly triable and tried on that day. But if credence is given Jackman's counsel, Gillen had agreed that the cause should be set down for trial on October 25. In the first instance, it was the prerogative of the judges of the city court to decide that controverted matter. Ultimately, either by appeal or in this suit for an injunction, its conclusive determination was the concern of the district court. We discern no way this court can or should interfere. The judgment is therefore affirmed.